UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JONATHAN VILLEGAS-ESCOBAR,<br><br>          Plaintiff,<br><br>     vs.<br><br>ESTELA DERR, WARDEN;<br><br>          Defendant. | CIV. NO. 23-00233 LEK-WRP |

**ORDER DIRECTING FURTHER BRIEFING REGARDING**
**PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS**

Before the Court is pro se Petitioner Jonathan Villegas-Escobar's ("Villegas-Escobar") Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, filed May 30, 2023 ("Petition"). [Dkt. no. 1.] On July 26, 2023, Respondent Estela Derr, Warden of the Federal Detention Center in Honolulu, Hawai`i ("Warden Derr" and "FDC Honolulu"), filed a response to the Petition ("Response"). [Dkt. no. 5.] Villegas-Escobar filed his reply on August 10, 2023. [Dkt. no. 6.] On January 21, 2024, this Court received correspondence from non-party Hanalei Aipoalani ("Aipoalani") informing the Court that Villegas-Escobar's address had changed to the Federal Correctional Institution in Thomson, Illinois ("FCI Thomson") and inquiring whether transfer of this case to a new district is required. [Dkt. no. 7.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the

Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). For the reasons set forth below, the Court concludes that Villegas-Escobar has administratively exhausted his Petition, and orders further briefing from Warden Derr regarding whether Villegas-Escobar is eligible for First Step Act ("FSA") time credits, and whether the Petition is moot.

## BACKGROUND

On December 12, 2017, Villegas-Escobar was sentenced in the United States District Court for the Western District of Missouri to 211 months of imprisonment and five years of supervised release for: possession of a machine gun in violation of Title 18 United States Code Sections 922(o) and 924(a)(2); conspiracy to distribute methamphetamine in violation of Title 21 United States Code Section 841(a)(1) and (b)(1)(A); and knowingly carrying and using a firearm in relation to a drug trafficking crime in violation of Title 18 United States Code Section 924(c)(1)(A). See United States v. Villegas-Escobar, 4:15-CR-00387-GAF(1) (W.D. Miss.), Judgment in a Criminal Case, filed 12/12/17 (dkt. no. 116) ("Judgment"), at 1–3. At the time of filing the Petition, Villegas-Escobar was incarcerated at FDC Honolulu. [Response, Declaration of Kris Robl ("Robl Decl.") at

2

¶ 5.[1]] Villegas-Escobar is currently serving his term of imprisonment at FCI Thomson, and his projected release date is January 27, 2031. See Federal Bureau of Prisons ("BOP"), Find an inmate, https://www.bop.gov/inmateloc/ (last visited Mar. 8, 2024).

In the Petition, Villegas-Escobar argues the BOP erroneously determined he was ineligible to earn time credits under the FSA, Title 18 United States Code Section 3632(d)(4), based on the nature of his offense. Villegas-Escobar contends the BOP must apply 365 days of FSA credits toward his early transfer to supervised release in light of United States v. Davis, 139 S. Ct. 2319 (2019). See Petition at PageID.5. Villegas-Escobar argues Section 924(c), one of the statues he was convicted under, is unconstitutionally vague, and he is not subject to a final order of removal. See id. at PageID.2-3; Reply at PageID.55. Villegas-Escobar requests a court order requiring the BOP apply 365 days of FSA credits toward his "early release to supervised release, thereby, advancing [his]

---

[1] Kris Robl ("Robl") is a FDC Honolulu Unit Manager and has held that position since October 2018. [Robl Decl. at ¶¶ 1-2.] Robl's duties include performing "custody classification reviews, Second Chance reviews, Residential Re-Entry and home confinement recommendations, and First Step Act . . . Risk and Needs assessments." [Id.]

projected release date by 365 days . . . ." [Petition at PageID.11.]

In June 2022, Villegas-Escobar presented a BP-8 form request for an informal remedy to the FDC Honolulu Unit Team, raising the FSA time credit eligibility issue. The Unit Team rejected the request. [Petition at PageID.5; Robl Decl. at ¶ 8.] Villegas-Escobar then submitted a BP-9 form request for a formal administrative remedy Warden Derr. See Petition at PageID.5. On July 20, 2022, Warden Derr's office responded:

> there is merit to your assertion that the instant offenses you were convicted upon were considered by the Court to be unconstitutionally vague and not crimes of violence. However, there are other criteria to consider when determining FSA credit eligibility. In accordance with 18 U.S.C. 3632(a)(4)(e), First Step Act Time Credits, and §523.44, Application of FSA Time Credits, inmates subject to a final order of removal under immigration laws as defined in 8 U.S.C. 1101(a)(17) are considered ineligible and the Bureau of Prisons may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release. Therefore, you are ineligible for FSA credits.

[Reply, Declaration of Hanalei Aipoalani ("Aipoalani Decl."),[2] Exh. A at 3 (dkt. no. 6-2 at PageID.63) (emphases omitted).]

---

[2] Aipoalani is in custody at FDC Honolulu and was Villegas-Escobar's cellmate from March 2022 through the date of the declaration, August 6, 2023. [Aipoalani Decl. at ¶¶ 1-2.] Aipoalani claims to be "a 'jailhouse' lawyer." [Id. at ¶ 2.]

4

On July 25, 2022, Villegas Escobar submitted a BP-10 form to appeal to the BOP Western Regional Office Regional Director ("Regional Office" and "Regional Director"), which was rejected due to formatting errors on September 9, 2022. See Petition at PageID.6; Robl Decl. at ¶ 9; Robl Decl., Exh. A at PageID.47. The Regional Office received Villegas-Escobar's second BP-10 form on January 10, 2023 and denied this request on February 28, 2023. See Petition at PageID.6; Robl Decl. at ¶ 10.

Villegas-Escobar and Warden Derr contest whether Villegas-Escobar properly appealed to the BOP's Office of General Counsel ("General Counsel"). The General Counsel received Villegas-Escobar's BP-11 appeal form on April 17, 2023, which was rejected on April 27, 2023 because it did not include a copy of the Regional Director's denial. [Petition at PageID.6; Robl Decl. at ¶ 11; Robl Decl., Exh. A at PageID.50.] Villegas-Escobar received the rejection on May 10, 2023. [Petition at PageID.6.] Villegas-Escobar states he requested and, on May 18, 2023, received a copy of the Regional Office's denial letter, but that denial letter incorrectly listed the Remedy ID number for his appeal regarding his FSA time credits, and the denial letter addressed a different appeal. Reply at PageID.54; see also Aipoalani Decl. at ¶ 7; id., Exh. A at 11 (2/28/23 denial letter from the Regional Director) (dkt. no. 6-2 at PageID.71). Robl states the Regional Office apparently included an incorrect

5

remedy ID number in the denial letter. In other words, it was a proper denial for a different administrative remedy appeal.[3] [Robl Decl. at ¶ 14.] In his reply, Villegas-Escobar states he submitted the incorrect denial letter to the General Counsel on May 19, 2023 and did not receive a response. [Reply at PageID.54 (citing Aipoalani Decl. at ¶ 7; Aipoalani Decl., Exh. A at 11)]. The BOP has no record of Villegas-Escobar resubmitting his BP-11 appeal to the General Counsel. [Robl Decl. at ¶ 11.]

Warden Derr argues the Petition must be dismissed because Villegas-Escobar failed to exhaust his administrative remedies and exhaustion is not futile. See Response at 8.

**STANDARD**

> "Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241." United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). . . .

Yanagihara v. Derr, Civil No. 22-00145 JAO-RT, 2023 WL 2163685, at *3 (D. Hawai`i Feb. 22, 2023).

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for

---

[3] Villegas-Escobar filed twelve administrative remedy requests while he was incarcerated at FDC Honolulu. [Robl Decl. at ¶ 6.]

6

a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam) (citations omitted). But, because Section 2241 does not statutorily require exhaustion, federal courts "have discretion to waive the exhaustion requirement when it is prudentially required . . . ." Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004) (citations omitted).

## DISCUSSION

### I. Jurisdiction

Because Villegas-Escobar was transferred to another district after the Petition was filed, the Court first addresses its jurisdiction. Habeas petitions under Title 28 United States Code Section 2241 "must be brought . . . in the custodial court," *i.e.*, the district in which the petitioner is in custody. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam) (citations omitted). Because Villegas-Escobar was in custody in the District of Hawai`i at the time he filed the Petition, this Court retains jurisdiction over the Petition. See Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990) ("jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change" (quotation marks and citations omitted)); Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) ("when the Government moves a habeas petitioner after she

7

properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.").

## II. Administrative Exhaustion

Villegas-Escobar exhausted his administrative remedies. In order to exhaust administrative remedies, a petitioner must attempt to resolve the dispute informally with institution staff via a BP-8 form; raise the issue with the warden of the institution where he is confined via a BP-9 form; appeal an adverse decision to the Regional Director via a BP-10 form; and then appeal to the General Counsel of the BOP via a BP-11 form. 28 C.F.R. §§ 542.13 to 542.15.

The parties do not dispute that Villegas-Escobar exhausted his administrative remedies at the first three levels of the BOP process. Rather, the parties contest whether Villegas-Escobar properly submitted an appeal to the General Counsel. Villegas-Escobar submitted an appeal to the General Counsel, which was rejected on April 27, 2023 because it did not include a copy of the Regional Director's denial. [Robl Decl. at ¶¶ 8-11; Petition at PageID.6.]

The denial letter from the Regional Director was the incorrect denial letter, and Villegas-Escobar made inquiries to FDC Honolulu staff regarding how to proceed with his appeal

8

without the correct denial letter, see e.g., Reply at PageID.54; Aipoalani Decl. at ¶ 7; id., Exh. B at 3-4 (dkt. no. 25-4 at PageID.79-80) (emails from Villegas-Escobar to Robl dated 5/10/23 and 5/18/23). Villegas-Escobar then states he resubmitted the incorrect denial letter to the General Counsel on May 19, 2023. Reply at PageID.54 (stating Villegas-Escobar resubmitted his BP-11 appeal on May 19, 2023, with the incorrect BP-10 denial letter); see also Aipoalani Decl., Exh. A at 11 (2/28/23 denial letter from the Regional Director) (dkt. no. 25-6 at PageID.71). Although the BOP has no record of Villegas-Escobar's resubmission, [Robl Decl. at ¶ 11,] the Court finds Villegas-Escobar's statements regarding the May 19, 2023 submission to be credible.

Villegas-Escobar's May 19, 2023 resubmission to General Counsel was timely because the rejection notice gave Villegas-Escobar fifteen days to resubmit his appeal, and Villegas Escobar received the rejection notice on May 10, 2023. [Aipoalani Decl., Exh. A at 110, PageID.70 (dkt. no. 6-2 at PageID.63); Petition at PageID.6.]

Therefore, because over forty days have passed since Villegas-Escobar resubmitted his appeal to General Counsel, the General Counsel is deemed to have denied his appeal, and Villegas-Escobar has exhausted his administrative remedies. See 28 C.F.R. § 542.18 ("If the inmate does not receive a response

within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.").

### III. **FSA Time Credits**

The FSA allows those incarcerated with a low risk of recidivism to receive time credits for successful participation in "evidence-based recidivism reduction programming or productive activities" that can be applied toward either earlier movement into prerelease custody or earlier transfer to supervised release. 18 U.S.C. § 3632(d)(4)(A); 28 C.F.R. § 523.40(b) ("[A]n eligible inmate . . . may earn FSA Time Credits to be applied toward prerelease custody or early transfer to supervised release under 18 U.S.C. 3624(g)."). However, to be eligible for an early transfer into prerelease custody or supervised release, prisoners must first meet certain requirements. See 18 U.S.C. § 3624(g), see also Bottinelli v. Salazar, 929 F.3d 1196, 1198 (9th Cir. 2019) ("Section 3624(g) details the criteria for when a prisoner becomes eligible, considering earned time credit, for transfer to prerelease custody or supervised release." (citations omitted)). Additionally, Section 3632 provides that certain prisoners are ineligible to receive time credits, such as those who are "the subject of a final order of removal under any provision of the immigration laws," 18 U.S.C. § 3632(d)(4)(E)(i), and those who

10

have been convicted of certain enumerated offenses, 18 U.S.C. § 3632(d)(4)(D) (listing offenses). "[F]ederal prisoners who are 'subject to a final order of removal under any provision of the immigration laws' cannot apply earned time credits." Alatorre v. Derr, CIVIL NO. 22-00516 JMS-WRP, 2023 WL 2599546, at *4 (D. Hawai`i Mar. 22, 2023) (some citations omitted) (quoting 18 U.S.C. § 3632(d)(4)(E)(i)).

The rejection from Warden Derr dated July 20, 2022 stated Villegas-Escobar was ineligible for FSA time credits because he is subject to a final order of removal under immigration law. [Aipoalani Decl., Exh. A at 3 (dkt. no. 6-2 at PageID.63).] There is no evidence in the record of whether Villegas-Escobar is subject to a final order of removal, and Villegas-Escobar asserts he is not. [Petition at PageID.6.] Further, BOP policy has changed since July 2022 regarding the applicability of earned time credits to prisoners with detainers or unresolved immigration charges. See Alatorre, 2023 WL 2599546, at *4-5. Moreover, it appears the BOP, as of March 2023, considered Villegas-Escobar eligible for FSA time credits. Villegas-Escobar's 3/20/23 Sentence Monitoring Computation Data Sheet states "FSA eligibility status is: eligible." [Aipoalani Decl., Exh. C at 1 (dkt. no. 6-4 at PageID.82).] In light of the foregoing, Villegas-Escobar's Petition appears to be moot.

However, because the record before the Court has not been recently updated and given that Warden Derr's briefing did not address anything beyond administrative exhaustion, the Court directs Warden Derr to file further briefing stating a position on whether Villegas-Escobar is eligible for FSA time credits, and whether the Petition is moot.

## CONCLUSION

On the basis of the foregoing, the Court DIRECTS further briefing on Villegas-Escobar's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, filed May 30, 2023, addressing whether the Villegas-Escobar is eligible for FSA time credits, and whether the Petition is moot. Warden Derr's additional briefing must be filed by **April 1, 2024,** and the briefing must not exceed fifteen pages.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 11, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JONATHAN VILLEGAS-ESCOBAR VS. ESTELA DERR, WARDEN; CV 23-00233 LRK-WRP; ORDER DIRECTING FURTHER BRIEFING REGARDING PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS**